**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA**

CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE



FEDERAL BUILDING AND UNITED STATES POST OFFICE
225 SOUTH PIERRE STREET, ROOM 211
PIERRE, SOUTH DAKOTA 57501-2463

TELEPHONE: (605) 945-4490
FAX: (605) 945-4491

January 12, 2012

Trustee Dale A. Wein
Post Office Box 1329
Aberdeen, South Dakota 57402-1329

Thomas A. Blake, Esq.
Attorney for Debtor
Suite 202, 505 West 9th Street
Sioux Falls, South Dakota 57104-3667

Cash Depot
Leah Leisinger, Store Manager
3904 West 41st Street
Sioux Falls, South Dakota 57106

  Subject: *In re Kathleen Maria Callahan*
     Chapter 13, Bankr. No. 06-40392

Dear Trustee Wein, Mr. Blake, and Ms. Leisinger:

  The matter before the Court is Debtor Kathleen Maria Callahan's request for a discharge and Cash Depot's objection thereto. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision constitutes the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As discussed below, Cash Depot's objection will be overruled, and Debtor may receive her chapter 13 discharge.

  *Summary of material facts*. Kathleen Maria Callahan ("Debtor") filed a chapter 13 petition in bankruptcy on November 3, 2006. The Bankruptcy Clerk served a notice of the commencement of the case on all creditors and other parties in interest listed on the case mailing list. Among the parties the clerk served with this notice was Cash Depot at 3904 West 41st Street, Sioux Falls, South Dakota 57106-0715. The notice stated January 2, 2007 was the last date to file an objection to Debtor's proposed repayment plan and March 7, 2007 was the last date to file a proof of claim in the case. Debtor served a copy of her proposed plan on all creditors and other parties in interest listed on the case mailing list, including Cash Depot. No creditor

Re: *Kathleen Maria Callahan*
January 12, 2012
Page 2

or other party in interest filed an objection to Debtor's proposed plan. The plan was confirmed on January 31, 2007. The confirmed plan provided, in pertinent part:

> Any unsecured creditor who receives appropriate notice of the case but fails to timely file a proof of claim will be discharged to the extent set forth in 11 USC § 1328(a) when Debtor completes all plan payments.

A proof of claim for Cash Depot, an unsecured claim holder, was never docketed with the Court.

Trustee Dale A. Wein filed notice that Debtor had completed her plan payments. Debtor completed and filed the necessary certification and request for discharge. The Bankruptcy Clerk served a notice of Debtor's certification and request on all creditors and other parties in interest listed on the case mailing list, including Cash Depot. Cash Depot timely filed an objection to Debtor's request. It stated,

> Before this notice dated 12/6/2011 we never received payments toward the Chapter 13 plan nor any discharge/ dismiss paperwork. We do not wish to remove this debt, we filled out the proper papers in a timely manner and since this bankruptcy the debtor has tried to take out other loans with our company. [Debtor] filed for Bankruptcy in 2001 as well, this is unacceptable.

As set forth in its objection, Cash Depot's address remains 3904 West 41st Street, Sioux Falls, South Dakota 57106. The matter was taken under advisement.[1]

*Discussion*. Because Cash Depot did not timely file a proof of claim, Trustee Wein was unable to pay a portion of its claim pursuant to Debtor's confirmed plan. While Cash Depot apparently believes it completed a proof of claim, the record does not show such a claim was ever received for docketing by the Bankruptcy Clerk. Further, the Court is unable to waive or extend the proof of claim filing deadline in this case. *See* Federal Rule of Bankruptcy Procedure 3002(c). Accordingly, Cash Depot does not have a cognizable claim in this case, and Debtor is entitled to receive her discharge of debts, including the claim held by Cash Depot.

---

[1] Because no material facts were in dispute, an evidentiary hearing was not necessary.

Re: *Kathleen Maria Callahan*
January 12, 2012
Page 3

If Cash Depot had documentary evidence establishing its proof of claim was correctly addressed to the Bankruptcy Clerk and timely placed in the mail, a different result might be reached. However, in the absence of that evidence and also in the absence of a showing that any mailing presumption applies to a proof of claim in this circuit, Cash Depot's objection must be overruled. *See In re 50-Off Stores, Inc.*, 220 B.R. 897, 904-05 (Bankr. W.D. Tex. 1998) (discussion of courts' rulings on application of mailing rule to the filing of proofs of claim). Debtor's general discharge order will be entered.

Sincerely,

*/s/ Charles Nail*

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:  case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota